Patty A. Eakes (*pro hac vice*)
patty.eakes@morganlewis.com
Molly A. Terwilliger (*pro hac vice*)
molly.terwilliger@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Tel: (206) 274-6400
Fax: (206) 274-6401

Christine M. Reilly (Bar No. 226388)
creilly@manatt.com
Alexandra N. Krasovec (Bar No. 279578)
akrasovec@manatt.com
Patrice S. Ruane (Bar No. 347128)
pruane@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: (310) 312-4000
Fax: (310) 312-4224

*Attorneys for Defendants Brenton Marrelli
and Darwin Widjaja*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOB DAWSON, et al., | Case No. 3:24-cv-07974-JD |
| Plaintiffs, | **DEFENDANTS BRENTON MARRELLI AND DARWIN WIDJAJA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| vs. | |
| PORCH.COM, INC., et al., | |
| Defendants. | |

Defendants Brenton Marrelli and Darwin Widjaja (collectively, the "Defendants") in accordance with Fed. R. Civ. P. 12, hereby respectfully submit their Answer and Affirmative Defenses to the Third Amended Complaint Against Defendants Brenton Marrelli and Darwin Widjaja (ECF No. 180, "TAC") filed by Plaintiffs in in the above-captioned matter, and answer and respond as follows:

**INTRODUCTION**

1.      The allegations in Paragraph 1 of the TAC, in whole or in part, reflect legal conclusions and/or citations to legal authority to which no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and/or the Washington Consumer Protection Act, RCW 19.86 ("WCPA") and/or the Washington Commercial Electronic Mail Act, RCW 19.190.010 *et seq.* ("CEMA") and further deny any and all remaining factual allegations in Paragraph 1 of the TAC.

2.      The allegations in Paragraph 2 of the TAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, and further deny any and all remaining factual allegations in Paragraph 2 of the TAC.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the residency of Plaintiffs Bob Dawson ("Dawson") and Jack Rabin ("Rabin") and on that basis deny them. The remaining allegations in Paragraph 3 of the TAC, in whole or in part, reflect a statement of Plaintiffs' legal position to which no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, and further deny any and all remaining factual allegations in Paragraph 2 of the TAC.

4.      Defendants Brenton Marrelli and Darwin Widjaja admit that they are former CEO and CTO, respectively, of GoSmith. Except as expressly admitted, the allegations in Paragraph 4 of the TAC are denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

1

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

5.      The allegations in Paragraph 5 of the TAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, and further deny any and all remaining factual allegations in Paragraph 5 of the TAC.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs received thousands of text messages in short periods of time, and therefore deny this allegation. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Dawson's receipt of alleged "spam" text messages in Paragraph 6 of the TAC and on this basis deny them. Defendants admit only that Plaintiffs purport to bring claim(s) under the TCPA, WCPA, and/or CEMA, but deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, or any other applicable law. Defendants deny any and all remaining factual allegations in Paragraph 6 of the TAC.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiffs' actions in Paragraph 7 of the TAC and on this basis deny them. Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, and further deny any and all remaining factual allegations in Paragraph 7 of the TCA.

8.      Defendants deny all allegations in Paragraph 8 of the TAC.

9.      Defendants deny all allegations in Paragraph 9 of the TAC.

10.     Defendants deny all allegations in Paragraph 10 of the TAC.

11.     Defendants deny all allegations in Paragraph 11 of the TAC.

12.     The allegations in Paragraph 12 of the TAC, in whole or in part, reflect citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is  required, Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, and further deny any and all remaining factual allegations in Paragraph 12 of the TAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

2

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

**PARTIES**

13.    Responding to Paragraph 13 of the TAC, Defendants admit only that Plaintiffs have asserted claims in this litigation. Defendants refer to the definition of "person" in 47 U.S.C. § 153(39), which speaks for itself, but lack knowledge or information sufficient to form a belief as to whether each Plaintiff meets the definition and on this basis deny the allegation.

14.    Defendant Marrelli admits that he is a "person" as defined by 47 U.S.C. § 153(39). As to the allegations about residency, Defendant Marrelli admits only that he previously resided in San Mateo County, California.

15.    Defendant Widjaja admits that he is a "person" as defined by 47 U.S.C. § 153(39). As to the allegations about residency, Defendant Widjaja admits only that he previously resided in Alameda County, California.

**JURISDICTION, VENUE, AND DIVISION**

16.    The allegations in Paragraph 16 of the TAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 16 is required, Defendants admit only that Plaintiffs' TAC purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute and thus presents a federal question, but deny that this Court has federal subject matter jurisdiction in this action because Plaintiffs lack Article III standing. Further, Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA or any other applicable law and further deny any and all remaining factual allegations in Paragraph 16 of the TAC.

17.    The allegations in Paragraph 17 of the TAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 17 is required, Defendants admit only that Plaintiffs' TAC purports to invoke this Court's supplemental jurisdiction to the extent the TCPA is a federal statute and thus presents a federal question and the Washington state claims can thereafter be brought in federal court using the doctrine of supplemental jurisdiction. Defendants deny that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

3

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

this Court has supplemental jurisdiction over Plaintiffs' Washington state claims because Plaintiffs lack Article III standing and therefore this Court lacks the required federal subject matter jurisdiction. Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA or any other applicable law and further deny any and all remaining factual allegations in Paragraph 17 of the TAC.

18.    The allegations in Paragraph 18 of the TAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 18 is required, Defendants admit only that Plaintiffs' TAC purports to invoke this Court's subject matter jurisdiction and that Defendants previously resided in this district. Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA or any other applicable law.

19.    The allegations in Paragraph 19 of the TAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 19 is required, Defendants admit only that Defendants previously resided in San Mateo and Alameda Counties. Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA or any other applicable law.

## **LEGAL STANDARD**

20.    The allegations in Paragraph 20 of the TAC, in whole or in part, reflect citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated the TCPA or any other applicable law and further deny any and all remaining factual allegations in Paragraph 20 of the TAC.

21.    The allegations in Paragraph 21 of the TAC, in whole or in part, reflect citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated the TCPA or any other applicable law and further deny any and all remaining factual allegations in Paragraph 21 of the TAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

4

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

22.     The allegations in Paragraph 22 of the TAC, in whole or in part, reflect citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated WCPA and/or CEMA or any other applicable law and further deny any and all remaining factual allegations in Paragraph 22 of the TAC.

23.     The allegations in Paragraph 23 of the TAC, in whole or in part, reflect citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated the TCPA or any other applicable law, deny that Defendants have any corporate officer liability related to any allegations in the TAC, and further deny any and all remaining factual allegations in Paragraph 23 of the TAC.

24.     The allegations in Paragraph 24 of the TAC, in whole or in part, reflect citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated WCPA and/or CEMA or any other applicable law, deny that Defendants have any corporate officer liability related to any allegations in the TAC, and further deny any and all remaining factual allegations in Paragraph 24 of the TAC.

## STATEMENT OF FACTS

### *GoSmith and Defendants*

25.     Defendants admit that GoSmith was a company that provided an online, nationwide home improvement marketplace for homeowners and service professionals. Except as expressly admitted, the allegations of Paragraph 25 of the TAC are denied.

26.     Responding to Paragraph 26 of the TAC, Defendants admit only that some text messages included "website links." Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA or any other applicable law, and further deny any and all remaining factual allegations in Paragraph 26 of the TAC.

27.     Defendants admit only that Defendant Brenton Marrelli was the co-founder and former CEO of GoSmith. Defendants deny that Defendants or GoSmith violated the TCPA, WCPA,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

5

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1  and/or CEMA or any other applicable law, and further deny any and all remaining factual

2  allegations in Paragraph 27 of the TAC.

3    28.    The allegations in Paragraph 28 of the TAC, in whole or in part, reflect citations to

4  the record and/or legal authority which speak for themselves and, therefore, no response is required.

5  To the extent a response is required, Defendants deny that Defendants or GoSmith violated the

6  TCPA or any other applicable law and further deny any and all remaining factual allegations in

7  Paragraph 28 of the TAC.

8    29.    The allegations in Paragraph 29 of the TAC, in whole or in part, reflect citations to

9  the record and/or legal authority which speak for themselves and, therefore, no response is required.

10  To the extent a response is required, Defendants admit only that Defendant Darwin Widjaja was

11  the co-founder of GoSmith. Defendants deny the remaining allegations in Paragraph 29 of the TAC.

12    30.    Defendant Widjaja admits that he was the CTO of GoSmith. Defendants deny that

13  Exhibit C is Mr. Widjaja's LinkedIn profile.  Except as expressly admitted, the allegations in

14  Paragraph 30 of the FAC are denied.

15    31.    Defendants deny all allegations in Paragraph 31 of the TAC.

16    32.    Defendants deny all allegations in Paragraph 32 of the TAC.

17    33.    Defendants deny all allegations in Paragraph 33 of the TAC.

18    34.    Defendants deny all allegations in Paragraph 34 of the TAC.

19    35.    Defendants deny all allegations in Paragraph 35 of the TAC.

20    36.    Responding to Paragraph 36 of the TAC, the public record of any lawsuits against

21  GoSmith speaks for itself. Defendants deny that Defendants or GoSmith violated the TCPA or any

22  other applicable law, and further deny any and all remaining factual allegations in Paragraph 36 of

23  the TAC.

24  *Text Messages to Plaintiffs*

25    37.    Defendants lack knowledge or information sufficient to form a belief as to the truth

26  of the allegations as to Plaintiffs' receipt of "unwanted and unsolicited" messages in Paragraph 37

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

6

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

of the TAC and on this basis deny them. Defendants deny any and all remaining factual allegations in Paragraph 37 of the TAC.

38.    Defendants deny all allegations in Paragraph 38 of the TAC.

39.    The allegations of Paragraph 39 purport to ask for a legal conclusion and on that basis, the allegations are denied. The allegations in Paragraph 39 of the TAC, in whole or in part, reflect legal conclusions and/or citations to legal authority to which no response is required. To the extent a response is required, Defendants deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, and further deny any and all remaining factual allegations in Paragraph 39 of the TAC.

40.    Responding to Paragraph 40 of the TAC, Defendants admit only that GoSmith sent text messages to some or all of the Plaintiffs, but deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, and further deny any and all remaining factual allegations in Paragraph 40 of the TAC.

41.    Responding to Paragraph 41 of the TAC, Defendants admit only that GoSmith sent text messages to some or all of the Plaintiffs, but deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA, and further deny any and all remaining factual allegations in Paragraph 41 of the TAC. Defendants deny that the GoSmith sent any text messages that would constitute "telemarketing" and/or "telephone solicitations" within the meaning of the TCPA, or "commercial electronic text messages" within the meaning of CEMA. Except as expressly admitted, the allegations in Paragraph 41 of the TAC are denied.

42.    Responding to Paragraph 42 of the TAC, Defendants refer to the cited text messages, both as pasted into Paragraph 42 of the TAC and as contained in Exhibit D to the TAC, which speak for themselves, but deny any implication of liability based thereon. Except as expressly admitted, the allegations in Paragraph 42 of the TAC are denied.

43.    Responding to Paragraph 43 of the TAC, Defendants admit only that the cited text message, which speaks for itself, informs the recipient that "1 credit is $8." Except as expressly admitted, the factual allegations in Paragraph 43 of the TAC are denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

7

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

44.    Responding to Paragraph 44 of the TAC, Defendants admit only that GoSmith did not send text messages offering direct employment with Porch or GoSmith. Except as expressly admitted, the allegations in Paragraph 44 of the TAC are denied.

<u>*Claims of Each Plaintiffs*</u>

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the TAC as to Plaintiff's ownership and/or use of the phone number identified in Paragraph 45 and on this basis deny them. Defendants admit only that Plaintiff purports to bring claim(s) under the TCPA, WCPA, and/or CEMA, but deny that Defendants violated the TCPA, WCPA, and/or CEMA, or any other applicable law. Except as expressly admitted, the allegations in Paragraph 45 are denied.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the TAC as to Plaintiff's ownership and/or use of the phone number identified in Paragraph 46 and on this basis deny them. Defendants admit only that Plaintiff purports to bring claim(s) under the TCPA, WCPA, and/or CEMA, but deny that Defendants violated the TCPA, WCPA, and/or CEMA, or any other applicable law. Except as expressly admitted, the allegations in Paragraph 46 are denied.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the TAC as to Plaintiff's ownership and/or use of the phone number identified in Paragraph 47 and on this basis deny them. Defendants admit only that Plaintiff purports to bring claim(s) under the TCPA, WCPA, and/or CEMA, but deny that Defendants violated the TCPA, WCPA, and/or CEMA, or any other applicable law. Except as expressly admitted, the allegations in Paragraph 47 are denied.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the TAC as to Plaintiff's ownership and/or use of the phone number identified in Paragraph 48 and on this basis deny them. Defendants admit only that Plaintiff purports to bring claim(s) under the TCPA, WCPA, and/or CEMA, but deny that Defendants

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

8

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

violated the TCPA, WCPA, and/or CEMA, or any other applicable law. Except as expressly admitted, the factual allegations in Paragraph 48 are denied.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the TAC as to Plaintiff's ownership and/or use of the phone number identified in Paragraph 49 and on this basis deny them. Defendants admit only that Plaintiff purports to bring claim(s) under the TCPA, WCPA, and/or CEMA, but deny that Defendants violated the TCPA, WCPA, and/or CEMA, or any other applicable law. Except as expressly admitted, the allegations in Paragraph 49 are denied.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the TAC as to Plaintiff's ownership and/or use of the phone number identified in Paragraph 50 and on this basis deny them. Defendants admit only that Plaintiff purports to bring claim(s) under the TCPA, WCPA, and/or CEMA, but deny that Defendants violated the TCPA, WCPA, and/or CEMA, or any other applicable law. Except as expressly admitted, the allegations in Paragraph 50 are denied.

51.     Defendants deny all allegations in Paragraph 51 of the TAC.

52.     Defendants deny all allegations in Paragraph 52 of the TAC.

53.     Defendants deny all allegations in Paragraph 53 of the TAC.

## FIRST CAUSE OF ACTION
### Solicitations of Persons on the National Do Not Call [*sic*] Registry

54.     Defendants deny all allegations in Paragraph 54 of the TAC.

55.     Defendants deny all allegations in Paragraph 55 of the TAC.

56.     Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs each personally registered their phone numbers to the National Do Not Call Registry, and on that basis denies this allegation. Except as expressly admitted, the allegations in Paragraph 56 of the TAC are denied.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the TAC and on this basis deny them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

9

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

58.     Defendants deny all allegations in Paragraph 58 of the TAC.

59.     Defendants deny all allegations in Paragraph 59 of the TAC.

60.     Defendants deny all allegations in Paragraph 60 of the TAC, including the improper prayer for relief included therein.

61.     Defendants deny all allegations in Paragraph 61 of the TAC, including the improper prayer for relief included therein. For the avoidance of doubt, Defendants deny that Defendants or GoSmith violated the TCPA and therefore deny that any such violations were knowing and/or willful, and therefore deny that an award of $1,500 per violation, or any award, is appropriate.

**SECOND CAUSE OF ACTION**
**Failure to Implement the Minimum Telemarketing Standards**

62.     Defendants deny all allegations in Paragraph 62 of the TAC.

63.     Defendants deny all allegations in Paragraph 63 of the TAC.

64.     Defendants deny all allegations in Paragraph 64 of the TAC.

65.     Defendants deny all allegations in Paragraph 65 of the TAC.

66.     Defendants deny all allegations in Paragraph 66 of the TAC.

67.     Defendants deny all allegations in Paragraph 67 of the TAC.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the TAC and on this basis deny them.

69.     Defendants deny all allegations in Paragraph 69 of the TAC.

70.     Defendants deny all allegations in Paragraph 70 of the TAC, including the improper prayer for relief included therein.

71.     Defendants deny all allegations in Paragraph 71 of the TAC, including the improper prayer for relief included therein. For the avoidance of doubt, Defendants deny that Defendants or GoSmith violated the TCPA and therefore deny that any such violations were knowing and/or willful, and therefore deny that an award of $1,500 per violation, or any award, is appropriate.

**THIRD CAUSE OF ACTION**
**Commercial Text Messages to Washington Residents**

72.     Defendants deny all allegations in Paragraph 72 of the TAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

10

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

73.    Defendants deny all allegations in Paragraph 73 of the TAC.

74.    Defendants deny all allegations in Paragraph 74 of the TAC.

75.    The allegations in Paragraph 75 of the TAC, in whole or in part, reflect citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 75 of the TAC, including the improper prayer for relief included therein. For the avoidance of doubt, Defendants deny that Defendants or GoSmith violated and/or are violating WCPA and/or CEMA, and therefore deny that an award of $500 per violation, or any award, is appropriate.

## PLAINTIFFS' RELIEF REQUESTED

Defendants incorporate and reallege by reference its responses to all prior allegations as if fully stated herein. Defendants admit only that Plaintiffs are seeking relief from the Court, but deny any implication of liability based thereon. Defendants specifically deny that Plaintiffs are entitled to any of the damages requested in the *Relief Requested* section of the TAC, or to any relief whatsoever. Defendants further deny that Defendants or GoSmith violated the TCPA, WCPA, and/or CEMA or any other law as alleged. Defendants deny any remaining factual allegations in the *Relief Requested* section of the TAC.

## PLAINTIFFS' JURY DEMAND

Responding to Plaintiffs' *Jury Demand*, Defendants admit only that Plaintiffs have made a jury demand, but deny any implication of liability based thereon. Defendants deny any and all remaining factual allegations in Plaintiffs' *Jury Demand*.

## GENERAL DENIAL

All allegations in the TAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and Defendants deny any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the TAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the answers above, Defendants deny any and all liability as to having violated the TCPA or CEMA, or that Plaintiffs are entitled to any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

11

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1   damages or other relief under the TCPA, WCPA, and/or CEMA, or otherwise, including but not

2   limited to the specific statutory provisions identified in the TAC or others. Defendants expressly

3   reserve the right to amend its answers above and its affirmative defenses below for any reason as

4   permitted by applicable rules, orders, and law.

5                                    **AFFIRMATIVE DEFENSES**

6         By alleging the affirmative and other defenses herein and below, Defendants intend no

7   alteration of any burden of proof that otherwise exists with regard to the claims in the TAC. All

8   defenses are pled in the alternative and do not constitute an admission of liability, of subject matter

9   jurisdiction, or as to whether Plaintiffs are entitled to relief. Defendants reserve the right to bring

10  affirmative claims against Plaintiffs as permitted by applicable rules, orders, and law. Defendants

11  reserve the right to amend answers and averments above or to amend its affirmative defenses below

12  for any reason as permitted by applicable rules, orders, and law. All defenses below should be

13  understood as applying to any/all Plaintiffs, unless otherwise expressly stated.

14                                 **First Affirmative Defense**

15  **(To Causes of Action I, II – Marrelli and Widjaja Not Personally Liable for TCPA Claims)**

16        Plaintiffs' claims are barred, in whole or in part, against Defendants Brenton Marrelli and

17  Darwin Widjaja because Plaintiffs cannot demonstrate any theory of liability under which

18  Defendants would be liable for any alleged texting activity carried out by GoSmith. A director or

19  officer a corporation is not personally liable for the corporation's torts "unless [he] specifically

20  directed the particular act to be done, or participated, or co-operated therein." *Cascade Yarns, Inc.*

21  *v. Knitting Fever, Inc.*, 2015 WL 3407882, at *3 (W.D. Wash. May 27, 2015). Corporate officer

22  liability requires that the officer must have had direct, personal, material participation in the alleged

23  wrongdoing. *See Roylance v. ALG Real Estate Servs., Inc.*, 2015 WL 1522244, at *6-7 (N.D. Cal.

24  Mar. 16, 2015), *report and rec. adopted*, 2015 WL 1544229 (N.D. Cal. Apr. 3, 2015). Defendants

25  did not physically send any of the texts Plaintiffs received, nor did they personally oversee,

26  knowingly authorize, or direct the sending of the individual texts. Defendants cannot be found

27  personally liable based solely on their status as corporate officers.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

                                                    12

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1

2

3

**Second Affirmative Defense**

**(To All Causes of Action – Corporate Officer Liability Is Contingent Upon Liability of the Company)**

4        Plaintiffs' claims are barred, in whole or in part, because corporate officer liability is

5    contingent upon a finding of corporate liability for the underlying violation and no such

6    determination has been or can be made. Corporate officer liability in TCPA cases, if recognized at

7    all,  requires (1) underlying TCPA liability by the company (direct or vicarious), and (2) an

8    officer's specific direction or authorization of, or personal participation in, the act that has been

9    found to violate the TCPA. *See, e.g.*, *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2015 WL

10   3407882, at *3 (W.D. Wash. May 27, 2015). To the extent that questions of underlying TCPA

11   liability arise in this action, Defendants expressly incorporate and re-assert all defenses asserted

12   by the corporation in *Dawson v. Porch.com Inc.*, Defendants' Answer and Affirmative Defenses

13   to Plaintiffs' Fourth Amended Complaint, ECF 162, Case No. 2:20-cv-00604-RSL (W.D. Wash.

14   Jan. 24, 2025).

15

16

**ThirdAffirmative Defense**

**(To Causes of Action I, II – Established Business Relationship)**

17       Plaintiffs' claims are barred as a result of their having made an inquiry to GoSmith within

18   the ninety (90) days preceding any text message and/or completing a transaction with GoSmith

19   within the eighteen (18) months preceding any text message. Such Plaintiffs include, without

20   limitation, those who created an account, accepted job opportunities from GoSmith and/or

21   interacted with a text message sent by GoSmith (such as responding "1" to indicate interest in

22   receiving additional details about a job opportunity). Further, to the extent any Plaintiff received

23   text messages from or on behalf of GoSmith, any such text messages were sent in response to an

24   inquiry and/or other interaction with the texts, were sent following a transaction with GoSmith,

25   were not unwanted, and, in fact, were requested and/or consented to by Plaintiffs and/or the users

26   and/or subscribers of their phone numbers. The aforementioned Plaintiffs created an Established

27   Business Relationship with GoSmith and therefore any text messages sent within 18 months of the

28

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1   transaction or 90 days of the inquiry are exempt from the definition of "telephone solicitation"

2   under the TCPA and not actionable under the TCPA's National DNC Registry provisions, and

3   therefore Plaintiffs' claims are barred, in whole or in part. *See* 47 U.S.C. 47 C.F.R. 64.1200(c)(2),

4   (f)(5).

5                                          **Fourth Affirmative Defense**

6   **(To Causes of Action I, II – No Telephone Solicitation or Call for Telemarketing Purposes)**

7          Plaintiffs' claims are barred on the grounds that they have not received "telephone

8   solicitations" within the definition of the TCPA. The TCPA's National Do Not Call Registry

9   requires, and the Internal Do Not Call provisions may involve, a "telephone solicitation," which is

10  defined as the "initiation of a telephone call or message for the purpose of encouraging the purchase

11  or rental of, or investment in, property, goods, or services, which is transmitted to any person, but

12  such term ***does not include*** a call or message (A) to any person with that person's prior express

13  invitation or permission, [or] (B) to any person with whom the caller has an established business

14  relationship[.]" 47 U.S.C. § 227(a)(4) (emphasis added); 47 C.F.R. § 64.1200(c)(2)(ii), (d), (f)(5),

15  (f)(15); *see also* 47 C.F.R. § 64.1200(d) (referring to, but not defining, calls "for telemarketing

16  purposes"). Plaintiffs created established business relationships when they interacted with

17  GoSmith's text messages, including specifically making an inquiry, requesting to receive additional

18  text messages from or on behalf of GoSmith, creating an account, accepting job opportunities from

19  GoSmith, and/or interacting with a text message sent by GoSmith (such as responding "1" to

20  indicate interest in receiving additional details about a job opportunity), and therefore the messages

21  do not fall within the definition of a "telephone solicitation" under the TCPA.

22         Plaintiffs' claims are further barred on the grounds that they have not received "telephone

23  solicitations" or "calls for telemarketing purposes" because the messages concerned job

24  opportunities, not messages "for the purpose of encouraging the purchase or rental of, or investment

25  in, property, goods, or services." The text messages informed Plaintiffs of available job

26  opportunities in Plaintiffs' respective fields of expertise and within their geographical vicinity, and

27  sought to facilitate transactions between Plaintiffs and homeowners seeking to hire contractors

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Seattle

14

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

and/or other professional and trades services, and are therefore not actionable "telephone solicitations" or "calls for telemarketing purposes" within the meaning of the TCPA. *See, e.g., Gerrard v. Acara Sols. Inc.*, 469 F. Supp. 3d 96, 99 (W.D.N.Y. 2020) (finding that similar text messages were "neither advertisements nor telemarketing"); *see also Reardon v. Uber Technologies, Inc.*, 115 F. Supp. 3d 1090, 1096 (N.D. Cal. 2015); *Freyja v. Dun & Bradstreet, Inc.*, 2015 WL 6163590, at *2 (C.D. Cal. Oct. 14, 2015).

**Fifth Affirmative Defense**

**(To Causes of Action I, II – Not Residential Telephone Subscribers)**

Plaintiffs' claims are barred in whole or in part because, upon information and belief, the telephone numbers are used by and for Plaintiffs' businesses, are paid for using business funds, are registered as business lines, are advertised to the public as contact numbers for businesses on Plaintiffs' business websites and in other publicly-available business postings and advertisements, and/or are listed on business filings and/or reports, professional certification and license records, tax records, insurance records, or other documents associating the telephone numbers with businesses, and therefore Plaintiffs do not qualify as "residential telephone subscribers" within the meaning of the TCPA. *See* 47 C.F.R. § 64.1200(c)(2), (d); *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022).

**Sixth Affirmative Defense**

**(To Cause of Action I – Safe Harbor)**

Plaintiffs' claims are barred because, to the extent any Plaintiff received any uninvited or unconsented text messages from or on behalf of GoSmith in violation of the National Do Not Call regulations, which Defendants deny, such text messages were the result of error. At all times relevant to the matters alleged in the TAC, as part of GoSmith's regular business practice, GoSmith had established and implemented reasonable practices and procedures to prevent telephone solicitations to residential telephone numbers listed on the National Do Not Call Registry. In particular, GoSmith (i) established and implemented procedures to comply with the National Do Not Call Registry regulations; (ii) trained their personnel and/or any entity assisting in its

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

15

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1    compliance on these procedures; (iii) maintained a list of telephone numbers that GoSmith may not

2    contact; (iv) used a process to prevent telephone solicitations to numbers on the Registry; and (v)

3    purchased access to the Registry. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2)(i).

4                                **Seventh Affirmative Defense**

5              **(To Cause of Action I – Plaintiffs Did Not Register on National Registry)**

6              Plaintiffs' claims are barred in whole or in part because, upon information and belief, some

7    or all of Plaintiffs did not personally register their telephone numbers on the National Do Not Call

8    Registry. *See* 47 C.F.R. § 64.1200(c)(2) (prohibiting calls to "a residential telephone subscriber

9    ***who has registered his or her*** telephone number on the national do-not-call registry"). Plaintiffs'

10   claims are additionally barred in whole or in part because only residential telephone numbers can

11   be registered on the National Do Not Call Registry. To the extent that Plaintiffs' telephone numbers

12   are not "residential" telephone numbers, they are not properly registered on the National Do Not

13   Call Registry and therefore not covered by the National Do Not Call regulations. *See In re Rules &*

14   *Reguls. Implementing the TCPA*, 23 FCC Rcd. 9779, 9785 (June 17, 2008) ("As the Commission

15   has previously stated, the National Do Not Call Registry applies to 'residential subscribers' and

16   ***does not*** preclude calls to businesses." (emphasis added)).

17                                **Eighth Affirmative Defense**

18    **(To Cause of Action I – Requirements Did Not Apply to Text Messages at Time of Contact)**

19             Plaintiffs' National Do Not Call claims are barred, in whole or in part, because the National

20   Do Not Call rules did not apply to text messages at the time the text messages were allegedly sent.

21   *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 2023 WL

22   8826682, at *7, FCC 23-107, CG Docket No., 02-278, ¶ 26 (Dec. 18, 2023) ("codify[ing] the

23   National DNC Registry's existing protections to text messages"); *Bowen v. Georgetown Univ.*

24   *Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law," and "administrative

25   rules will not be construed to have retroactive effect unless their language requires this result.").

26   Additionally, text messages are not actionable at all under 47 U.S.C. 227(c)(5) or 47 C.F.R.

27   64.1200(c) or (d).

28

                                             16

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Ninth Affirmative Defense

### (To Cause of Action II – Error and/or Substantial Compliance with

### Internal Do Not Call Rules)

Plaintiffs' claims are barred because, to the extent any Plaintiff received any uninvited or unconsented text message(s) from or on behalf of GoSmith in violation of the Internal Do Not Call rules, which Defendants deny, such text messages were the result of error. At all times relevant to the matters alleged in the TAC, as part of GoSmith's regular business practices, GoSmith had established and implemented procedures to comply with the Internal Do Not Call rules under the TCPA. In particular, GoSmith (i) established and implemented procedures for maintenance of an internal do-not-call list, (ii) trained its personnel and/or any entity sending text messages on its behalf on compliance with these procedures, (iii) maintained an internal do-not-call list and recorded telephone numbers that GoSmith may not contact, and (iv) used a process to prevent telephone solicitations or telemarketing text messages to any telephone number on any list established pursuant to the Internal Do-Not-Call rules and maintained records documenting this process. *See* 47 C.F.R. 64.1200(d)(1)-(3), (6).

### Tenth Affirmative Defense

### (To Cause of Action II – Sender Identified)

Plaintiffs' claims are barred, in whole or in part, to the extent that the text messages identified the sender by name, provided the sender's website, otherwise provided identifying information for the sender, and/or Plaintiffs knew the identity of the sender because, among other reasons, Plaintiffs agreed to receive the text messages, purposefully interacted with the text messages, and/or agreed to GoSmith's Terms of Use. *See* 47 C.F.R. § 64.1200(d)(4).

### Eleventh Affirmative Defense

### (To Cause of Action II – Plaintiffs Did Not Make a Do-Not-Call Request)

The Internal Do Not Call claims alleged by Plaintiffs are barred, in whole or in part, to the extent any Plaintiff failed to make a stop request. Based on the information available to Defendants at the time of filing, Plaintiffs did not make do-not-call requests within the meaning of the TCPA's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

17

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1  Internal Do Not Call rules and/or did not receive subsequent text messages outside of a "reasonable

2  time" of 30 days after such a request. *See* 47 C.F.R. § 64.1200(d)(3).

3  **Twelfth Affirmative Defense**

4  **(To Cause of Action II – No Private Right of Action)**

5  Plaintiffs' Internal Do Not Call claims are barred, in whole or in part, because no private

6  right of action exists for claims alleging violations of the "technical and procedural standards"

7  section of the TCPA and/or because the seller identification requirements do not apply to text

8  messages. *See* 47 U.S.C. § 227(d); 47 C.F.R. § 64.1200(d)(4). For this reason, Plaintiffs cannot

9  sustain their individual claims under 47 C.F.R. § 64.1200(d)(4).

10  **Thirteenth Affirmative Defense**

11  **(To Cause of Action II – Requirements Do Not Apply to Text Messages)**

12  Plaintiffs' Internal Do Not Call claims are barred, in whole or in part, because the Internal

13  Do Not Call rules do not apply to text messages. *See* 47 U.S.C. § 227(d)(3) (directing FCC to

14  institute "technical and procedural standards" for "[a]rtificial or prerecorded voice systems" and

15  identifying same disclosure requirements ultimately enumerated in 47 C.F.R. § 64.1200(d)(4)); *see*

16  *also In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd.

17  1830, 1850 ¶ 49 (2012) (discussing seller identification rules in the context of implementing

18  technical and procedural standards for autodialed or prerecorded calls, while citing 47 U.S.C.

19  § 227(d)(3) and 47 C.F.R. § 64.1200(b)). Additionally, text messages are not actionable at all under

20  47 U.S.C. 227(c)(5) or 47 C.F.R. 64.1200(c) or (d).

21  **Fourteenth Affirmative Defense**

22  **(To Causes of Action I, II – Statute of Limitations)**

23  Plaintiffs' claims are barred, in part, to the extent that they fall outside of the four-year

24  statute of limitations applicable to the TCPA and therefore are time-barred. *See Ewing v. Freedom*

25  *Forever LLC*, 2021 WL 1087100, at *4 (S.D. Cal. Mar. 22, 2021) (finding general four-year statute

26  of limitations established in 28 U.S.C. § 1658(a) governs TCPA actions, since the TCPA does not

27  contain its own statute of limitations).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

18

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

**Fifteenth Affirmative Defense**

**(To Cause of Action III – Not Commercial Messages)**

Plaintiffs' claims are barred on the grounds that they have not received "commercial electronic text messages" within the definition of CEMA. CEMA applies only to text messages "sent for the purpose of promoting real property, goods, or services for sale or lease." Messages are "not advertisements" when their purpose is to "facilitate, complete, or confirm a commercial transaction[.]" The text messages offered Plaintiffs job opportunities pertinent to their respective professions/trades and geographical location, and sought to facilitate transactions between Plaintiffs and homeowners seeking to hire contractors and/or other professionals and tradespersons for such jobs, and are therefore not actionable messages within the meaning of CEMA. *See* RCW 19.190.010(2).

**Sixteenth Affirmative Defense**

**(To Cause of Action III – Statute of Limitations)**

Plaintiffs' claims are barred, in part, on the grounds that they fall outside of the two-year statute of limitations established by CEMA and therefore are time-barred. *See Gordon v. BAC Home Loans Servicing, LP*, 2011 WL 13228393, at *1 (W.D. Wash. Feb. 11, 2011) ("[T]he two year 'catch-all' statute of limitations provided for in RCW 4.16.130 applies to CEMA claims.").

**Seventeenth Affirmative Defense**

**(To Cause of Action III – Defendants Did Not Initiate**

**or Assist Transmission)**

Plaintiffs' claims are barred because no Defendant "assisted the transmission" of the GoSmith messages within the meaning of CEMA. CEMA applies only to "persons" (including corporations and other legal entities) who "provide substantial assistance or support" to enable a sender to "formulate, compose, send, originate, initiate, or transmit" a "commercial electronic text message" while "know[ing] or consciously avoid[ing] knowing" that the sender will violate the act. RCW 19.190.010(1), (11).

19

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1
2
**Eighteenth Affirmative Defense**

**(To Causes of Action I, II – Lack of Standing)**

3    Plaintiffs lack standing to bring their claims under Article III of the United States
4 Constitution or otherwise (including, but not limited to, "prudential" or "statutory" standing),
5 particularly to the extent that Plaintiffs consented to receiving the text messages at issue in this
6 Action, requested to be contacted, induced the text messages, created an established business
7 relationship within the meaning of the TCPA, did not suffer any injury-in-fact, and/or are not within
8 the "zone of interests" that the TCPA and other laws invoked were designed to protect, and/or is
9 not a "residential telephone subscriber" under the TCPA, or did not receive the text messages at
10 issue, among other reasons. Further, any harm suffered by any Plaintiff is not fairly traceable to, or
11 capable of being redressed by, any Defendant given that such harm was caused by Plaintiffs when
12 they requested and/or consented to receive the text messages alleged in the TAC.

13    Plaintiffs' claims further fail because they cannot satisfy the causation/traceability element
14 necessary for Article III standing for the additional reasons that no Defendant personally sent the
15 alleged text messages and there is no causal link between any action taken by Defendants and
16 Plaintiffs' alleged injuries. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).
17    .

18
**Nineteenth Affirmative Defense**

**(To All Causes of Action – Inadequate Joinder)**

20    Plaintiffs' claims are barred in whole or in part because they failed to join necessary or
21 indispensable parties in this action, including the businesses that owned and/or used the phone
22 numbers listed in Paragraphs 45–50 of the TAC. A party "must be joined" if either (1) in the
23 person's absence, the court "cannot accord complete relief among existing parties," or (2) disposing
24 of the action in the person's absence may "leave an existing party subject to a substantial risk of
25 incurring double, multiple, or otherwise inconsistent obligations" because of the interest of the
26 absent party. Fed. R. Civ. P. 19(a)(1); *see also Dawson v. Porch.com Inc.*, Order Granting
27 Defendants' Motion to Join Additional Parties, ECF 178, Case No. 2:20-cv-00604-RSL (W.D.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

20

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

Wash. June 9, 2025) . Upon information and belief, Plaintiffs' telephone numbers are business lines used and/or owned by businesses. *Cf. Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 682-83 (S.D. Fla. 2013) (regular user of the phone had standing under TCPA); *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023) (owner and subscriber had standing under TCPA). Failure to join the businesses could leave Defendants subject to duplicate or additional litigation brought by the businesses.

### Twentieth Affirmative Defense

### (To All Causes of Action – Failure to Mitigate)

Plaintiffs are not entitled to relief because, if Plaintiffs have been damaged (which Defendants do not admit), Plaintiffs have failed to mitigate their damages and therefore any recovery against Defendants are barred or should be reduced accordingly. Specifically, Plaintiffs did not request that text messages stop, take steps to opt-out of the messages that they agreed to receive at the phone numbers listed in Paragraphs 45–50 of the TAC, or to otherwise promptly disaffirm their agreement to receive text messages. Moreover, certain of the Plaintiffs agreed to receive text messages by agreeing to GoSmith's Terms of Use, and Plaintiffs regularly interacted with the text messages (thereby creating an established business relationship within the meaning of the TCPA), and/or specifically requested to continue receiving additional text messages.

### Twenty-First Affirmative Defense

### (To All Causes of Action – Conformance with Applicable Law and Industry Standards)

All conduct and activities of Defendants alleged in the TAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the TAC. As a consequence, some or all of Plaintiffs' claims are barred in full, or in part, based on Defendants' good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiffs' rights. Moreover, Plaintiffs' allegations that they are entitled to treble damages based on "knowing" or "willful" violations of the TCPA are barred for this same reason.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

21

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1

**Twenty-Second Affirmative Defense**

2

**(To Causes of Action I, II – Good Faith)**

3       At all times relevant to the matters alleged in the TAC, Defendants acted in good faith,

4  reasonably and without any actual or constructive knowledge of any alleged breach of any legal

5  duty owed to Plaintiff, or any other alleged wrong done to Plaintiff, including because Plaintiffs

6  consented to receive and/or requested the texts at issue, that any such messages were intended

7  business contacts and calls for business-to-business purposes regarding job opportunities pertaining

8  to the Plaintiffs' respective businesses and were text messages (i.e., not voice calls), all of which

9  rendered them outside the scope of the TCPA's National Do Not Call and Internal Do Not Call

10  provisions at the time; therefore, Defendants did not knowingly or willfully violate the TCPA.

11

**Twenty-Third Affirmative Defense**

12

**(To Causes of Action I, II – Not Willful and/or Knowing)**

13       Plaintiffs have not carried and cannot carry their burden of showing that any action or

14  omission by Defendants in this Action was "willful" or "knowing" and, therefore Plaintiffs are not

15  entitled to treble damages under the TCPA or any other law that provides for treble damages.

16  Imposition of up to a $1,500 per text penalty is plainly excessive in this context and, taken in the

17  aggregate, may result in potential damages that are not proportional to the conduct alleged.

18  Therefore, such recovery should be disallowed.

19

**Twenty-Fourth Affirmative Defense**

20

**(To All Causes of Action – Causation; Proximate Cause; Intervening/Superseding Causes)**

21       Plaintiffs' claims are barred to the extent the alleged unlawful conduct was not caused by

22  Defendants, or was caused or contributed to by the acts of Plaintiffs and/or third parties other than

23  Defendants. More specifically, the claims in the TAC are barred, in whole or in part, to the extent

24  that Plaintiffs' purported damages, if any, resulted from acts and/or omissions of other parties, third

25  parties, conditions, or by forces and/or things over whom/which Defendants had no control,

26  including but not limited to any third parties who represented that they owned the phone numbers

27  identified in Paragraphs 45–50 of the TAC and inquired about and/or consented to receiving text

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

22

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

messages at that number, and/or Plaintiffs' own agreement and/or request to receive the messages, and affirmative responses/inquiries in response to receipt of the messages. Additionally, any such messages were sent by companies/entities, *not* by Defendants. Thus, the acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm. Further, if Plaintiffs suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendants (which Defendants do not admit), such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiffs, other authorized users of the phone numbers, or other third parties, which bars or reduces Plaintiffs' right to recover any such damages against Defendant. Accordingly, Plaintiffs are barred from recovering against Defendants for any such damages and/or is subject to a proportionate reduction on a comparative fault basis for any alleged damages so caused.

### Twenty-Fifth Affirmative Defense

### (To All Causes of Action – Due Process—Grossly Disproportionate)

To the extent the TCPA, the WCPA, and/or CEMA is applied against Defendants to impose upon them liability in circumstances that Defendants could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA, the WCPA, and/or CEMA violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 1, Section 3 of the Washington State Constitution. *See Golan v. Veritas Ent., LLC*, No. 4:14CV00069 ERW, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom. Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019) (citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.").

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Seattle

23

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Twenty-Sixth Affirmative Defense**

**(To All Causes of Action – Due Process—Excessive Penalties)**

To the extent that the TAC seeks punitive or exemplary damages under the TCPA, WCPA, and/or CEMA, it violates the rights of Defendants under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g., TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). Therefore, any recovery against Defendants is barred or should be reduced accordingly, including under the Court's discretion as conferred by the TCPA. *See* 47 U.S.C. § 227(c)(5).

**Twenty-Seventh Affirmative Defense**

**(To Causes of Action I, II – Due Process—Lack of Fair Notice)**

To the extent the claims rest on the National and Internal Do Not Call Rules applying to the text messages at issue, this violates the rights of Defendants under the Due Process provisions of the United States Constitution. Thus, if Defendants' alleged conduct was unlawful, Defendants did not have fair notice and finding liability based on (some or all of) the claims would violate Defendants' fundamental right to due process.

**Twenty-Eighth Affirmative Defense**

**(To All Causes of Action – Excessive Fines)**

To the extent the TCPA, WCPA, and/or CEMA are applied against Defendants to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA, WCPA, and/or CEMA violate the Eighth Amendment to the United States Constitution, and/or Article I, Section 14, of the Washington State Constitution, both of which prohibit excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)); *see also City of Seattle v. Long*, 493 P.3d

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

24

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

94, 159 (Wash. 2021) ("[W]e view article I, section 14 and the Eighth Amendment as coextensive for the purposes of excessive fines."); *Timbs v. Indiana*, 586 U.S. 146, 150 (2019) (Eighth Amendment Excessive Fines Clause incorporated against states "by the Due Process Clause of the Fourteenth Amendment"). The alleged violation at issue—"sending" text messages that may or may not have connected or been received and/or were requested by the recipient—causes de minimis or no actual harm. Imposition of up to a $500.00 per text penalty (or more) is plainly excessive in this context and, taken in the aggregate, may result in potential damages that are not proportional to the conduct alleged.

**Twenty-Ninth Affirmative Defense**

**(To All Causes of Action – De Minimis Harm)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of de minimis harm. because the actual harm allegedly suffered by Plaintiffs (if any) is negligible. The alleged violation at issue—"sending" text messages that may or may not have connected or been received and/or were requested by the recipient—causes de minimis or no actual harm.

**Thirtieth Affirmative Defense**

**(To All Causes of Action – Assumption of Risk and/or Other Equitable Defenses)**

Plaintiffs' claims are barred, in whole or in part, based upon the doctrine of assumption or risk and/or any other doctrines or theories of equity, particularly (but not limited) to the extent that, upon information and belief, certain Plaintiffs agreed to receive text messages from Defendants, some Plaintiffs regularly interacted with the text messages (thereby creating an established business relationship within the meaning of the TCPA) and/or sent return text messages specifically requesting to receive additional text messages, Plaintiffs consented to receiving the at-issue texts but did not take efforts to stop them, Plaintiffs invited the messages because they advertised their phone numbers to the public as contact numbers for businesses on Plaintiffs' business websites and in other publicly-available business postings and advertisements, and/or Plaintiffs' alleged claims in this case lack any basis in law or fact and/or do not exist.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

25

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1

2

### **Thirty-First Affirmative Defense**

### **(To All Causes of Action – Unclean Hands)**

3        Plaintiffs' claims are barred by the doctrine of unclean hands because Plaintiffs' attorneys

4  unlawfully and/or in violation of professional ethics scraped data from GoSmith's website to bring

5  these claims. Plaintiffs accepted the benefit of the scraping and/or are the direct beneficiaries of

6  such activity, the scraping was done on behalf of Plaintiffs, the attorneys were acting as agents of

7  Plaintiffs when they conducted the scraping, and/or Plaintiffs ratified their attorneys' actions and/or

8  are vicariously liable for their attorneys' acts. Also, Plaintiffs advertised, and some continue to

9  advertise, their phone numbers to the public as business numbers, including on Plaintiffs' business

10  websites and in other publicly available business postings and advertisements, while

11  simultaneously asserting and pursuing these claims as individuals and purported "residential

12  subscribers." Plaintiffs should be estopped from pursuing claims for alleged violations of the TCPA

13  they purportedly suffered as "consumers" or "residential telephone subscribers" while

14  simultaneously inviting such texts to these telephone numbers from or on behalf of their businesses.

15

16

### **Thirty-Second Affirmative Defense**

### **(To All Causes of Action – Estoppel)**

17        Plaintiffs' claims are barred by the doctrine of estoppel because Plaintiffs advertised, and

18  some continue to advertise, their phone numbers to the public as business numbers, including on

19  Plaintiffs' business websites and in other publicly available business postings and advertisements,

20  while simultaneously asserting and pursuing these claims as individuals. Plaintiffs should

21  additionally be estopped from holding their phone numbers out to the public as business numbers.

22  It is inequitable for Plaintiffs to pursue claims for alleged violations of the TCPA they purportedly

23  suffered as "consumers" or "residential telephone subscribers" while inviting such texts to these

24  telephone numbers from or on behalf of their businesses.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

26

**Thirty-Third Affirmative Defense**

**(To All Causes of Action – No Injunctive Relief)**

While the TAC does not expressly request injunctive relief, Paragraph 50 of the TAC makes reference to injunctive relief. To that end, Plaintiffs have failed to state facts that would entitle them to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm as the text messages from or on behalf of GoSmith are not continuing and Plaintiffs do not allege receiving text messages since at least 2020, and therefore Plaintiffs lack standing to pursue this relief and/or such relief is not available as a matter of law.

**Thirty-Fourth Affirmative Defense**

**(To All Causes of Action – Reservation of Rights as to Additional Defenses)**

Certain additional affirmative and other defenses to the TAC and to the purported claims for relief stated therein may be available to Defendants. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiffs and/or third parties. Thus, Defendants reserve the right to assert other separate and additional defenses, if and when they become appropriate in this Action.

**Thirty-Fifth Affirmative Defense**

**(To All Causes of Action – Impermissible Double Recovery)**

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek double recovery under the TCPA and the WCPA and/or CEMA for the same text messages. That is, Plaintiffs seek to recover twice for the same alleged injury in connection with the same alleged calls. Plaintiffs may not receive double recovery under different legal theories for the same injury. *See, e.g., People of the State of Cal. v. Chevron Corp.*, 872 F.2d 1410, 1414 (9th Cir. 1989); *Salazar v. Monaco Enters., Inc.*, 2015 WL 5716000, at *2 (E.D. Wash. Sept. 29, 2015).

Plaintiffs' claims are barred, in whole or in part, for the additional reason that they seek to recover for the same alleged injury in connection with the same alleged text messages in the related Washington case, *Dawson v. Porch.com, Inc.*, 2:20-cv-00604-RSL (W.D. Wash.).

**Thirty-Sixth Affirmative Defense**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

27

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

**(To All Causes of Action– Judicial Estoppel)**

Plaintiffs' claims are barred, in whole or in part, to the extent that they assert new claims that they made stop requests that were ignored. *See* TAC ¶ 7. These allegations are inconsistent with prior iterations of Plaintiffs' complaint and contradict Judge Lasnik's order on the Motion to Dismiss in the related Washington case, which identified which Plaintiffs alleged stop requests. *See Dawson v. Porch.com*, No. 2:20-cv-00604-RS: (W.D. Wash.) (Dkt. 147 at 12–23) (holding that for "plaintiffs who fail to allege a do-not-call request," "there is no plausible inference of liability"). The doctrine of judicial estoppel prevents Plaintiffs from asserting previously undisclosed claims that they made stop requests which were ignored. *Finn v. Sullivan*, 228 F. Supp. 3d 972, 981 (N.D. Cal. 2017) ("Courts invoke judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'").

**Thirty-Seventh Affirmative Defense**

**(To All Causes of Action – Judicial Estoppel)**

Plaintiffs' claims are barred, in whole or in part, to the extent that they assert new standalone claims against Defendants. *See* TAC ¶ 54. These claims are inconsistent with prior iterations of Plaintiffs' complaint. *See, e.g.*, *Dawson v. Porch.com Inc.*, Pls.' 2d Am. Compl., ECF 108 at ¶¶ 1101–03, Case No. 2:24-cv-00604-RSL (W.D. Wash. July 26, 2023) (alleging that GoSmith violated 47 C.F.R. § 64.1200(c)(2), that Individual Defendants are liable "because they were each an officer of GoSmith," and that Porch is liable "under theories of both alter ego liability and vicarious liability"). These claims also contradict Judge Donato's statements on the record that this matter will not decide TCPA liability in parallel with the related case in Washington. *See* Tr. of Proc., ECF 179. The doctrine of judicial estoppel applies to prevent Plaintiffs from improperly asserting new legal theories. *Finn*, 228 F. Supp. 3d at 981 ("The claim need not be factual; the Ninth Circuit has 'applied the doctrine to prevent a party from making a legal assertion

that contradicted its earlier legal assertion.'" (quoting *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012))).

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury of all issues triable of right by jury.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, dismiss Plaintiffs' TAC with prejudice, award Defendants all of their costs and attorneys' fees incurred in defending this Action to the extent available under applicable law, and grant Defendants all other relief as the Court deems just and appropriate.

DATED:  July 23, 2025                    Respectfully submitted,

By: *s/ Molly A. Terwilliger*
    Molly A. Terwilliger

Patty A. Eakes (*pro hac vice*)
patty.eakes@morganlewis.com
Molly A. Terwilliger (*pro hac vice*)
molly.terwilliger@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Tel: (206) 274-6400

Christine M. Reilly (Bar No. 226388)
creilly@manatt.com
Alexandra N. Krasovec (Bar. No. 279578)
akrasovec@manatt.com
Patrice S. Ruane (Bar No. 347128)
pruane@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: (310) 312-4000

*Attorneys for Defendants Brenton Marrelli and Darwin Widjaja*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

29

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on July 23, 2025, I electronically filed the foregoing document using

3  the CM/ECF system, which will send notification of such filing to all counsel of record registered

4  in the CM/ECF system.

5

6                                   By: *s/ Molly A. Terwilliger*
                                        Molly A. Terwilliger

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SEATTLE

30

DEFS' ANSWER & AFFIRMATIVE
DEFENSES TO PLTFS' THIRD
AMENDED COMPLAINT
Case No. 3:24-cv-07974-JD